IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

|  | **STANDING ORDER RE: MOTIONS UNDER SPEEDY TRIAL ACT AND CHANGE OF PLEA HEARINGS** (updated May 26, 2017) |
|---|---|

**STANDING ORDER RE: MOTIONS UNDER SPEEDY TRIAL ACT AND CHANGE OF PLEA HEARINGS**

### I.     MOTIONS TO CONTINUE TRIAL

The court issues the instant Standing Order re Speedy Trial Act to address matters that are commonly faced in criminal cases. "The Speedy Trial Act requires that a criminal trial begin no more than seventy days after the filing of an indictment or the defendant's first appearance in court." *United States v. Loughrin*, 710 F.3d 1111, 1119 (10th Cir. 2013). "The purpose of the Act is to 'protect a criminal defendant's constitutional right to a speedy trial and serve the public interest in bringing prompt criminal proceedings.'" *Id.* (quoting *United States v. Toombs*, 574 F.3d 1262, 1268 (10th Cir. 2009)). But not every day counts toward the seventy-day limit because of multiple automatic statutory exclusions. *Id.*

Additionally, the court may exclude time "resulting from a continuance" of the trial "on the basis of [the judge's] findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). But the "[ends of justice] exception to the otherwise precise requirements of the Act was meant to be a rarely used tool for those cases demanding more flexible treatment." *United States v.*

*Watson*, 766 F.3d 1219, 1229 (10th Cir. 2010) (alteration in original) (quoting *Toombs*, 574 F.3d at 1269 (10th Cir. 2009)). "To grant an ends-of-justice continuance, the district court must 'set [] forth, in the record . . . its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interest of the public and the defendant in a speedy trial.'" *Id.* (alterations in original) (quoting 18 U.S.C. § 3161(h)(7)(A)).

In order to ensure compliance with the Speedy Trial Act, this court has established a local rule detailing the required contents of a motion to continue a criminal trial brought under the Speedy Trial Act. *See* DUCrimR 12-1(h). That local rule requires, among other things, that any motion requesting a continuance include "specific reasons for the requested extension or continuance, including *why the act cannot be done within the originally allotted time*." *Id.* (emphasis added). It also requires that the motion provide "an explanation of how the reasons offered in support of the motion justify the length of the extension or continuance that has been requested." Additionally, "if the motion is based on supporting claims of facts, affidavits addressing the factual basis for the motion must accompany the motion." DUCrimR 12-2(b)(2).

The requirements listed above, as well as the local rule's other requirements, are necessary for the court to evaluate whether the ends of justice are served by the continuance. Vague and conclusory statements such as "additional time is needed to review records," "additional time is necessary to conduct further plea negotiations," or "counsel needs additional time to prepare for trial," do not comply with the local rule or the Speedy Trial Act. *See Tombs*, 574 F.3d at 1271 ("Simply identifying an event, and adding the conclusory statement that the event requires more time for counsel to prepare, is not enough."). Rather, the motion must be accompanied by an affidavit that sets for the *specific factual allegations* demonstrating the need for a continuance.

The court understands that the practice of the bar in recent years has not always complied with the local rule or controlling Tenth Circuit precedent. Accordingly, the court issues this standing order to put all counsel on notice that the Speedy Trial Act and DUCrimR 12-1 will be enforced.

To facilitate compliance, the court establishes the following additional procedures. **ALL MOTIONS TO CONTINUE A CRIMINAL TRIAL MUST BE FILED AT LEAST <u>THREE WEEKS</u> IN ADVANCE OF THE TRIAL DATE. ALTERNATIVELY, IF THE DEFENDANT OR THE GOVERNMENT INTENDS TO GO TO TRIAL AS SCHEDULED, COUNSEL MUST INFORM THE COURT OF THIS INTENTION AT LEAST <u>THREE WEEKS</u> IN ADVANCE OF THE TRIAL DATE.** The court will issue monetary sanctions against all counsel who fail to meet these deadlines if counsel fails to demonstrate why the deadline could not be met. Unless and until a motion to continue is granted, the court will not strike the trial date from its calendar and counsel are expected to comply with all pretrial deadlines.

## II.     CHANGE OF PLEA HEARINGS

For clarity of the record, defense counsel must file a motion requesting a change of plea hearing before contacting the magistrate judge or this court to set a hearing. The hearing should be set prior to the trial date.

## III.    NOTICE OF ACKNOWLEDGMENT

Because this order establishes a new procedure, all counsel are required to file, within seven days, a Notice of Acknowledgment. That notice must: (i) be signed by counsel; and (ii) verify that counsel carefully read and will comply with this order and with DUCrimR 12-1.

BY THE COURT

*[signature: Jill N. Parrish]*

Jill N. Parrish
United States District Court Judge

4